J-A23033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF COLEEN S. TOMCIK AKA COLEEN GAYDOS WOEBER AKA COLEEN SUE GAYDOS | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  JEFFREY TOMCIK | : : : : : : | |
| | : | No. 648 WDA 2024 |

Appeal from the Order Entered May 10, 2024
In the Court of Common Pleas of Washington County
Orphans' Court at No. 63-17-1553

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: December 2, 2025**

Jeffrey Tomcik (Tomcik) appeals from the order which required him to comply with the settlement agreement he entered with the estate of his late wife, Coleen S. Tomcik, aka Coleen Gaydos Woeber, aka Coleen Sue Gaydos (Decedent), and pay Decedent's estate (the Estate) "the remaining funds which were the subject of the settlement agreement," as well as attorneys' fees and costs "relating to the enforcement of the settlement agreement." Orphans' Court Opinion (OCO), 11/15/24, at 1.  We affirm.

Tomcik had been married to Decedent for approximately three years when Decedent died testate on November 17, 2017.  Tomcik's actions following Decedent's death have resulted in protracted federal and state

litigation, including a prior appeal to this Court.[1]   In 2022, this Court

explained:

> At the time of her death, the Decedent resided with [Tomcik], whom she had married on October 31, 2014, and her two minor children from her prior marriage, R.W. and M.W. [(collectively, children)].   The Decedent's will was admitted to probate on December 7, 2017, naming her sister, Kelly Gaydos (hereinafter the "Executrix"), as her executrix, and testamentary letters were issued to her.   By her will, the Decedent left all of her tangible property to her children, and left the residuary of her estate to be divided equally between her children and [Tomcik].

*In re Est. of Tomcik*, 286 A.3d 748, 751–52 (Pa. Super. 2022), *appeal*

*denied*, 299 A.3d 866 (Pa. 2023).

The federal court recently summarized the case history to date.[2]   The

court explained that within six months of Decedent's death,

> the Executrix filed petitions in the Court of Common Pleas of Washington County, Pennsylvania – Orphans' Court Division to compel Tomcik to release the Decedent's personal property in

---

[1] Tomcik "has filed three appeals to the Superior Court, two applications for reargument, an emergency application for stay pending appeal, and two petitions for review by the Supreme Court.  There have been over 120 docket entries in the orphans' court clerk's office since the matter was settled."  OCO at 11.

[2] The federal court rejected a related appeal by Tomcik.  Tomcik had sued Highmark Health "for compensatory damages and declaratory relief to challenge Highmark's refusal to release funds held in [Decedent's] retirement account.  The funds [were] subject [to the] orphans' court non-dissipation order that was entered against Tomcik on August 27, 2021, and continued in place on May 8, 2024."  *Jeffrey S. Tomcik v. Highmark Health*, No. CV 2:25 CV 33, 2025 WL 3036464, at *1 (W.D. Pa. Oct. 7, 2025).  On October 30, 2025, the United States District Court for the Western District of Pennsylvania dismissed Tomcik's complaint and entered judgment in favor of Highmark Health.  *Jeffrey S. Tomcik v. Highmark Health*, No. 2:25-CV-00033-CCW, 2025 WL 3035003 (W.D. Pa. Oct. 30, 2025).

accordance with the will. Among the allegations at issue…, the Executrix asserted that in disregard of the will, Tomcik changed the locks to the home he shared with the Decedent and her minor children, and refused to allow the children to retrieve their belongings, the Decedent's jewelry, and the children's dog.

[T]he Decedent also had retirement accounts, including a Highmark Retirement Plan and a Highmark Investment account. The assets were incorporated into a settlement of the Estate's claims against Tomcik that was reached during a pretrial conference held on June 17, 2019. "The terms of the agreement were placed on the record and the Executrix and [Tomcik] while under oath and with counsel, acknowledged their acceptance of the terms. The agreement provided, *inter alia*, that the Decedent's retirement accounts would be split 50% to the children and 50% to [Tomcik]."

*Jeffrey S. Tomcik v. Highmark Health*, No. CV 2:25 CV 33, 2025 WL 3036464, at *1–2 (W.D. Pa. Oct. 7, 2025) (citations omitted), report and recommendation adopted *sub nom, **Jeffrey S. Tomcik v. Highmark Health***, No. 2:25-CV-00033-CCW, 2025 WL 3035003 (W.D. Pa. Oct. 30, 2025).

The orphans' court confirmed that during the June 17, 2019 pre-trial conference, "counsel for the parties informed the court that a settlement agreement had been reached," and the agreement was entered on the record. OCO at 4. The court observed that the Estate "made the decision to compromise its claim and settle the matter, undoubtedly to avoid the cost and delay of further litigation, and to secure prompt access to the funds" for Decedent's children. *Id.* at 13. The court had remarked to Tomcik, "[w]e were about to have a trial, and we reached an agreement where the [E]state agreed to let you have half of everything." N.T., 4/29/24, at 19. Nonetheless, Tomcik failed to comply with the agreement.

The federal court explained:

On August 18, 2020, the Executrix filed a motion in Orphans' Court to compel Tomcik's compliance and filed a motion for sanctions. The Orphans' Court found that "[b]ecause [Tomcik] has refused to provide the necessary documentation for [the Highmark retirement] accounts, and because, as discovered later, [Tomcik] had re-titled the [Highmark] accounts in his name, the Executrix could not facilitate the terms of the settlement agreement of June 17, 2019." The Orphans' Court conducted a hearing on October 8, 2020, and ordered Tomcik to facilitate the settlement agreement and sanctioned him for the Estate's attorney's fees resulting from his "obdurate, dilatory and vexatious conduct and refusal to comply with the settlement agreement. No appeal was taken from this order."

Additional hearings were held on December 21, 2020 and March 15, 2021, because Tomcik had not fully complied with the pending orders. The Orphans' Court entered an Order at the second hearing that further sanctioned Tomcik. The Order provided him 30 days to facilitate the settlement agreement. Tomcik responded with motions to challenge the Estate's standing and contended that the Orphans' Court lacked subject matter jurisdiction because the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, vests sole jurisdiction over actions related to ERISA plans in federal court. Thus, he argued the Orphans' Court lacked jurisdiction to order the division of the proceeds in the Highmark accounts to her minor children. The Orphans' Court denied both motions because Tomcik voluntarily agreed to the division of the Highmark accounts in the settlement agreement and thereby consented to state court jurisdiction.

Tomcik again failed to facilitate settlement. At a contempt hearing held on August 6, 2021, Tomcik's counsel asserted that he misinterpreted the [c]ourt's handwritten changes to prepared orders and argued that Tomcik's compliance with the settlement agreement was no longer necessary. The presiding judge expressed his frustration at counsel's interpretation and entered a clarifying order on August 12, 2021, explaining the denial of Tomcik's motions to dismiss estate proceedings. In its order, the Orphans' Court instructed Tomcik to comply with the settlement agreement on or before August 27, 2021. Failure to do so would subject Tomcik to a penalty of $100 per day.

Tomcik appealed to the Pennsylvania Superior Court. The appeal resolved: (1) Tomcik's ERISA jurisdictional and standing challenges, (2) the enforceability of the settlement agreement that Tomcik sought to avoid based on an alleged mutual mistake related to the payment of income taxes, and (3) Tomcik's liability for sanctions.

[T]he Superior Court concluded that the Estate had standing, and that Tomcik's subject matter jurisdiction challenge under ERISA lacked merit. The Superior Court affirmed the Orphans' Court conclusion that through counsel, and on the record, Tomcik agreed that the Highmark assets were an ERISA retirement plan; agreed to incorporate those assets into the settlement of the Estate's claims against him; agreed that adverse tax consequences to the children would be minimized by him; and agreed to the Orphans' Court['s] jurisdiction over the Highmark accounts. The Superior Court also concluded that the Orphans' Court had jurisdiction in August 2021 to correct patent mistakes in its prior handwritten changes to prepared orders and that the settlement agreement was enforceable despite not having been reduced to writing at the settlement conference. Finally, the Superior Court held that Tomcik's appeal "lacks any basis in law or fact, leading us to conclude that [Tomcik] continues to seek to delay the case, rather than pay the Estate in full as he agreed more than three years ago." The Superior Court affirmed the Orphans' Court order and imposed additional sanctions in the form of counsel fees incurred by the Estate in defending the appeal. The Superior Court noted that [D]ecedent's son "ha[d] no money to pay for college," and the daughter was sick and suffering.

Tomcik filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on June 13, 2023. Tomcik did not petition for certiorari for review by the United States Supreme Court. On May 8, 2024, the Orphans' Court ordered Tomcik to pay $125,509.12, "which represents the remaining distribution owed to [Decedent's] children to achieve the previously agreed settlement of the Highmark 401(k) account currently held in the name of Jeffrey Tomcik ... as calculated through March 31, 2024." The Orphans' Court also continued the non-dissipation Order previously entered pending payment. Tomcik filed an appeal of the May 8, 2024 continuation Order that remains pending in the Pennsylvania Superior Court. As reflected by the filing of this action, he has not yet complied with the Orphans' Court Orders.

***Jeffrey S. Tomcik v. Highmark Health***, No. CV 2:25 CV 33, 2025 WL 3036464, at *2-3 (citations and footnote omitted).

As indicated above, this Court held that the settlement agreement was "enforceable without question." ***In re Est. of Tomcik***, 286 A.3d at 762 (citation omitted). We further found that Tomcik "engaged in a course of obdurate, dilatory and vexatious conduct to obstruct the facilitation of the settlement agreement." ***Id.*** at 761. We expressly affirmed the orphans' court's August 12, 2021 order clarifying prior orders, imposing sanctions, and directing Tomcik to comply with the settlement agreement or face further sanctions, and "awarded additional counsel fees and costs to the Estate due to [Tomcik's] obdurate, dilatory and vexatious conduct." ***Id.*** at 751. Tomcik did not change his ways.

After remand, the Estate filed a petition for a hearing to address Tomcik's conduct. ***See*** Petition to Hold Jeffrey Tomcik in Contempt for Failure to Comply with Court Order and to Award Sanctions, Attorney Fees and to Set Final Amounts and Disposition of Settlement Funds, 2/23/24, at 1-10. The Estate averred that Tomcik,

> continued to ignore the court's prior orders to provide monthly statements from the Decedent's Highmark 401(k) account, provide evidence of a 'hold' on the account, and to provide other information and statements regarding the values of the funds subject to the settlement, so that the interests of the Decedent's children could be properly determined.

OCO at 8.

The orphans' court subsequently scheduled a hearing and issued an order directing Tomcik "to provide the Estate with statements and other documentation regarding the Highmark 401(k) account dating back to December 30, 2020, and to confirm the existence of the 'hold' on the account." *Id.*

The hearing was held on April 29, 2024. The Executrix testified about the balances owed to the Estate from an American Funds account and the Decedent's 401(k) from Highmark. The orphans' court noted:

> Although [Tomcik] testified and argued that the amounts owed to the Estate were fixed by the court's order of August 6, 2021, the court disagreed, finding that the prior orders issued in 2021 were subject to verification of the amounts owing upon production of statements which had been withheld by [Tomcik]. As late as February 23, 2024, the Estate had asked for an order of production of the relevant statements.
>
> At the hearing, [Tomcik] further testified in [an] attempt to deny any responsibility, and to maintain that he had never entered into a settlement agreement[.]

*Id.* at 8-9.

By order dated May 8, 2024, and entered May 10, 2024, the orphans' court awarded the Estate the accrued account balances Tomcik owed to the Estate, and directed Tomcik to pay the Estate the $76,079.25 in attorneys' fees and costs. Tomcik did not request reconsideration. On May 31, 2024, Tomcik filed a notice of appeal.[3]

---

[3] The orphans' court did not order Tomcik to file a Pa.R.A.P. 1925(b) concise statement.

Tomcik presents the following questions for review:

[1.]   Did the [orphans'] court follow the remand instructions of the Superior Court?

[2.]   Whether the [orphans'] court could modify the judgment which was affirmed on appeal?

[3.]   Whether fees and costs should have been imposed for dilatory conduct when the amount due [to] the [E]state had been paid three (3) weeks after the Order on appeal?

Tomcik's Brief at 8.

Preliminarily, we recognize that the findings of the orphans' court "will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support." *Est. of A.J.M.*, 308 A.3d 844, 852 (Pa. Super. 2024) (citation omitted).  In conducting review, "our task is to ensure that the record is free from legal error and to determine if the findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence." *Id.*

Our review reveals no error by the orphans' court and no merit to Tomcik's issues.  In his first issue regarding this Court's remand, Tomcik claims the "only issue remanded" was for the imposition of additional counsel fees pertaining to Tomcik's obdurate, dilatory and vexatious conduct. Tomcik's Brief at 18 (citing Pa.R.A.P. 2744).  We disagree.  This Court remanded the case "for proceedings consistent with this Opinion," which affirmed the orphans' court's August 12, 2021 order "clarifying prior orders, imposing sanctions, and directing [Tomcik] to pay … the previously agreed-upon settlement or face further sanctions." *In re Est. of Tomcik*, 286 A.3d

at 751, 767. As the Estate says, the orphans' court "followed the Superior Court's remand instructions and, with the information finally provided by [Tomcik] after years of frivolous appeals, correctly entered an order reflecting the ongoing (and failed) obligation by [Tomcik] to provide account balances so the parties' 2019 settlement might be effectuated." Estate's Brief at 13.

Tomcik's second issue also fails. Similar to his first issue, Tomcik claims that the orphans' court "had no legal authority to modify the amounts due" to the Estate, and the "only issue the court could determine upon remand was the amount of any legal fees for the appeal." Tomcik's Brief at 21. However, as the orphans' court points out, Tomcik "prolonged the litigation an additional five years." OCO at 13. The orphans' court did not modify the amounts due from Tomcik to the Estate; rather, the amounts changed because of the years that passed while Tomcik attempted to circumvent the settlement agreement. The orphans' court has "exclusive jurisdiction to make and enforce distribution of the estates of decedents." *Appeal of Mussleman*, 65 Pa. 480, 486 (Pa. 1870). Accordingly, the court properly ordered the distribution of current account funds to the Estate.

Notably, Tomcik and the orphans' court indicate that around the time Tomcik filed this appeal, he also filed an affidavit "stating that he had delivered two checks to the Estate's counsel for the amounts set forth in the May 8, 2024 order." OCO at 10 n.15. Tomcik states that he "was required to and did pay the Estate half of the 401(k) increase[s] in the amount[s] of $125,509.12 and $76,079.25 … on May 29, 2024." Tomcik's Brief at 12.

Tomcik cites these payments in support of his third issue, in which he claims that the orphans' court erred in imposing attorneys' fees and costs. Tomcik argues that the court erred by imposing fees and costs because he paid the amounts due to the Estate three weeks after the May 10, 2024 order. *Id.* at 23. The Estate asserts that Tomcik's argument is belied by the record. Estate's Brief at 16. We agree.

Based on documentation from the Estate's attorney, the orphans' court ordered Tomcik to pay the Estate $76,079.25 "for legal fees and costs in connection to the appeals of this [c]ourt's previous orders." Order, 5/10/24, at 2. The orphans' court noted that it had "latitude and discretion" in imposing attorneys' fees. OCO at 14 (citing *In re Padezanin*, 937 A.2d 475, 483 (Pa. Super. 2007)). The court also referenced Tomcik's "unyielding behavior and stubbornness throughout this litigation, but particularly with regard to the completion of the agreed settlement," and this Court's finding that Tomcik's conduct was obdurate, dilatory and vexatious. *Id.* The orphans' court did not abuse its discretion in ordering Tomcik to pay attorneys' fees and costs.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

12/2/2025